PER CURIAM.
The appellees, Sera and Fidalgo, were charged with trafficking in cocaine and possession of cannabis. The trial judge, on his own motion, dismissed the charges and the State appeals. We reverse.
Apparently the trial judge dismissed the criminal charges against appellees because (1) two polygraph operators were of the opinion that Fidalgo was truthful when he denied that, at a certain time and place, he handed cocaine to Sera; and that Fidalgo was also truthful when he stated he was not lying when he said that, prior to his arrest, he had $4,100 in cash and 4 gold chains in his apartment; (2) the defense asserted, and the trial judge inferred, that Fidalgo’s statements meant (a) that the drug charges against the defendants were fabrications, and (b) that Miami Police Department officers stole Fidalgo’s $4,100 *1263 and gold chains during an illegal search of Fidalgo’s residence after he was arrested on the drug charges, and (3) after these matters were brought to the attention of the State, the State did not investigate them to the satisfaction of the trial judge.
The decision to file or not file criminal charges is a function of the State Attorney acting in his capacity as a member of the executive branch of the government. The decision is not given to the judiciary to dismiss criminal charges merely because a trial judge may disagree with the State Attorney’s charging discretion in a particular case or may personally not believe the State’s witnesses. The very purpose of a trial on criminal charges is to determine the truth of those charges.
Fidalgo’s statement that he had $4,100 and gold chains in his apartment before he was arrested, if true, is far insufficient as evidence to establish that the police stole those items, although his statement was intended to infer that conclusion. If the State Attorney has credible, admissible evidence that a police officer has stolen property of anyone (including someone the officer has arrested and accused of crime) that officer should be charged with theft and the officer’s administrative superior should take appropriate action to discharge him. However, judicial opinions and beliefs about an arresting officer’s criminal conduct do not authorize or justify the judiciary in summarily dismissing criminal charges against the person arrested by the officer and charged with crimes by the State Attorney![1] Two wrongs do not make a right and two crimes do not justify an acquittal.
We recognize that there are cases upholding the dismissal of criminal charges because of egregious police misconduct, but that body of law relates to the defense of entrapment where the police misconduct is duly established and inheres in the criminal charges. Those cases do not apply here.
The order of dismissal is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.

. The jury, passing on the prisoner’s life, May in the sworn twelve have a thief or two Guiltier than him they try.
Shakespeare, Measure for Measure, Act II, Scene i, line 19.