554 So.2d 1229 (1990)
STATE of Florida, Appellant,
v.
Rhonda RHODES, Appellee.
No. 89-01202.
District Court of Appeal of Florida, Second District.
January 5, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender and Andrea Steffan, Asst. Public Defender, Bartow, for appellee.
THREADGILL, Judge.
The state appeals an order of the trial court mitigating the sentence of the appellee, Rhonda Rhodes, which was issued more than sixty days after the date of the original sentence. We treat the appeal as a petition for writ of certiorari, grant the writ, and quash the order of mitigation.
On November 23, 1988, the appellee was sentenced under the guidelines for violation of probation and other offenses to one year in the county jail. On March 19, 1989, the appellee wrote to the sentencing court, requesting early release. The court treated the appellee's letter as a "motion for mitigation and reduction of sentence," and ordered her release. The order was filed on April 5, 1989, and on April 28, 1989 the state filed timely notice of appeal.
Citing Florida Rule of Criminal Procedure 3.800 (1988), the state contends that the trial court acted beyond its jurisdiction in modifying the sentence more than sixty days after the sentencing hearing. We agree. Where the original sentence imposed by the trial court is legal, the court lacks jurisdiction to reduce the sentence *1230 after the expiration of sixty days. White v. State, 404 So.2d 804 (Fla. 2d DCA 1981).
Because the proper vehicle to request review on such grounds is a commonlaw writ of certiorari, Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA 1985), we treat this appeal as a petition for certiorari. See Fla.R.App.P. 9.040(c); Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984). We grant the writ, quash the order of mitigation, and remand with instructions that the trial court reinstate the original sentence.
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER, J., concur.