651 So.2d 1309 (1995)
Fred CLARK, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2190.
District Court of Appeal of Florida, Third District.
March 22, 1995.
Bennett H. Brummer, Public Defender and Manuel Alvarez, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Elliot B. Kula, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from an order denying his 3.850 motion for relief from the conviction and sentence imposed after he pled guilty to second degree murder. We affirm.
Clark was charged with first degree murder with a firearm. At trial, the circuit judge presented the defendant with a number of plea options; they were:
A) Defendant could take a polygraph examination regarding his involvement in the homicide at issue. If he passed the test, the indictment would be dismissed and, if he failed the test, he would stand trial on the indictment and the results of the test would be admissible against him.
B) Defendant could plead guilty to the charges and, if he passed the test, then the plea would be vacated and the indictment dismissed. If he failed the test, then the court would reduce the charge to second degree murder and sentence Defendant to 40 years in prison, with a three-year minimum mandatory for the use of a firearm.
C) Defendant could plead guilty to second degree murder and receive a sentence of 15 years with a three-year minimum mandatory for the use of a firearm.
D) Defendant could exercise his right to proceed to a jury trial on the charges in the indictment.
(Ex. B.; T. 2-11).
While the state objected to all three options, after consulting with counsel, the defendant eventually chose "Option B." In accordance with it, he pled guilty, took the polygraph, and failed it. The state then fulfilled the terms of the agreement by reducing the charge to second degree murder, and Clark was duly sentenced, as promised, to forty years with a three-year minimum mandatory. As the defendant was informed below and now urges, it is true that the plea offer  made in accordance with his usual practice *1310 by the particular circuit judge in question  was unauthorized and, because the state was not bound to dismiss if Clark passed the polygraph, was then unenforceable for lack of mutuality of obligation. See State v. Serra, 529 So.2d 1262 (Fla. 3d DCA 1988); State v. Perez, 524 So.2d 482 (Fla. 3d DCA 1988). Nevertheless, after Clark accepted the offer, the state and the court  although they were not legally bound to do so  in fact fulfilled their part of the bargain by reducing the capital offense of first degree murder to second degree and granting the defendant the sentence previously proffered. In these circumstances, applying the contract principles which have regularly been applied to plea agreements such as this, see Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989), the pertinent rule is that
[a]lthough a contract is lacking in mutuality at its inception, such defect may be cured by the subsequent conduct of the parties. Want of mutuality is no defense in the case of an executed contract, and a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee.
17 C.J.S. Contracts § 100(3), at 799-800 (1963) (footnotes omitted), quoted in City of South Miami v. Dembinsky, 423 So.2d 988, 989 (Fla. 3d DCA 1982), and Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 627 (Fla. 4th DCA 1982).
Having accepted its benefits by avoiding a life sentence without parole, [the defendant] cannot, any more than any other contracting party, be relieved of the burden of his contract.
Novaton v. State, 634 So.2d 607, 608 (Fla. 1994) (citing Madrigal v. State; Jacobs v. State, 522 So.2d 540 (Fla. 3d DCA 1988), review denied, 531 So.2d 1353 (Fla. 1988); Preston v. State, 411 So.2d 297 (Fla. 3d DCA 1982), review denied, 418 So.2d 1280 (Fla. 1982); Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 678 (Fla. 1977)).
Affirmed.