PER CURIAM.
The State appeals the trial court’s order reducing Baca’s sentence. The motion to reconsider the sentence was filed 103 days following the dismissal of Baca’s appeal. We treat the State’s appeal as a petition for writ of certiorari, grant the writ, and quash the order of mitigation.
The State correctly argues that the trial court did not have jurisdiction to recon *767 sider the denial of Baca’s motion to reduce his sentence. On July 19, 1996, this court issued an order of dismissal of Baca’s appeal. Thereafter, on August 19, 1996, Baca filed a motion to reduce his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court denied the motion to reduce. Then on October 30, 1996, Baca filed a motion to reconsider the denial of his motion to reduce. Following a hearing on that motion, the trial court reduced Baca’s sentence.
The denial of a motion to reduce a legal sentence is generally not appealable. See Lee v. State, 662 So.2d 731 (Fla. 2d DCA 1995). The motion for reconsideration was filed over thirty days after the denial of the motion and outside of the sixty-day limit provided in rule 3.800(c). Accordingly, the trial court did not have jurisdiction on October 30,1996, to reduce Baca’s sentence. See State v. Rhodes, 554 So.2d 1229, 1230 (Fla. 2d DCA 1990).
In Rhodes, this court held that “the proper vehicle to request review on such grounds” is by writ of certiorari. Id. at 1230. Accordingly, we grant the writ, quash the order of mitigation, and remand with instructions that the trial court reinstate the original sentence.
PARKER, C.J., and PATTERSON and BLUE, JJ., concur.