760 So.2d 243 (2000)
The STATE of Florida, Appellant,
v.
Dylan Jo CURE, Appellee.
No. 99-2550.
District Court of Appeal of Florida, Third District.
May 31, 2000.
Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General (Fort Lauderdale), for appellant.
Louis Casuso, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
The defendant made a "boot camp agreement" with the state and court which provided that he would be sentenced to 21-36 months in state prison if he violated its terms. In fact, he did breach the agreement by committing an aggravated battery, but, on the recommendation of both his probation officer and his boot camp supervisor, the trial court sentenced him only to a term of probation. On this appealthe maintainability of which is in some doubt but will be assumed arguendo the state contends that the agreement must be enforced as written. There is no merit whatever to this claim. Although the defendant could not complain if he had been sentenced as agreed, see Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989); Clark v. State, 651 So.2d 1309 (Fla. 3d DCA 1995)(while lie detector-sentencing agreement was initially unenforceable for lack of mutuality of obligation, state and court's performance rendered adverse terms binding on defendant), review denied, 660 So.2d 712 (Fla.1995), this does not mean that the state may interfere with or challenge an exercise of the trial court's sentencing discretion not to enforce it. See Clark, 651 So.2d at 1309; cf. Arriaga *244 v. State, 666 So.2d 949 (Fla. 4th DCA 1996); Arriaga, 666 So.2d at 950 (Farmer, J., dissenting).
The state also rather offhandedly complains that the sentence of probation was improperly below the guidelines. While we might decline to consider the claim as insufficiently argued, it is, in any event, without substantial merit, because the prosecution itself offered a below guidelines sentence in return for the defendant's plea. In these circumstances, it is well settled that the court is free to make an even greater downward departure. See Franquiz v. State, 682 So.2d 536 (Fla.1996); State v. Devine, 512 So.2d 1163 (Fla. 4th DCA 1987), review denied, 519 So.2d 988 (Fla.1987); State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985).
Affirmed.