783 So.2d 1179 (2001)
The STATE of Florida, Petitioner,
v.
Reginald JORDAN, Respondent.
No. 3D00-2497.
District Court of Appeal of Florida, Third District.
April 25, 2001.
*1180 Robert A. Butterworth, Attorney General and Steven R. Berger and Michael J. Neimand, Assistant Attorneys General, for petitioner.
Bennett H. Brummer, Public Defender and Maria E. Lauredo, Assistant Public Defender, for respondent.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN, SORONDO, and RAMIREZ, JJ.

ON REHEARING EN BANC
GREEN, J.
The state has brought this petition for writ of certiorari to challenge the trial court's final sentencing order which departed from the terms of a substantial assistance agreement. The respondent, Reginald Jordan, moved to dismiss the state's petition for lack of jurisdiction. We asked for supplemental briefs on the issue of jurisdiction. Those briefs were filed and the case was heard by a three judge panel. Thereafter, we sua sponte set the case for en banc argument to consider: 1) our jurisdiction to entertain this appeal; and 2) whether the law requires that we recede from our opinion in State v. Cure, 760 So.2d 243 (Fla. 3d DCA 2000). For the reasons that follow, we conclude that this court does not have jurisdiction to consider this matter. Accordingly, we grant the respondent's motion to dismiss. In so doing, our Cure decision becomes merely an advisory opinion from which we now recede to the extent it addresses the merits of the state's argument.
Jordan was charged with strong-arm robbery. Thereafter, Jordan and the state entered into a substantial assistance agreement which was signed by Jordan, his attorney, the assistant state attorney, and the trial court. The agreement was fully executed and discussed at a plea colloquy, *1181 wherein the terms and conditions of the agreement were fully explained and agreed to by both the parties and the trial court. The agreement provided that if Jordan complied with its terms, he would receive a ten-year "straight time, no minimum mandatory" sentence. Violation of the agreement, however, would result in a 40-year prison term with a 30-year minimum mandatory as a violent career criminal.
Less than six-months after Jordan entered into the agreement, he violated its terms by being arrested on another charge and failing to provide continued assistance to the police. Thereafter, the state moved for sentencing in accordance with the terms of the substantial assistance agreement. At the hearing, Jordan admitted that he had been arrested for burglary of a vehicle. Jordan also claimed that, although he had initially assisted the police pursuant to the terms of the substantial assistance agreement, he stopped because he feared for his and his family's safety. Jordan and his counsel then argued that the agreed upon sentence was too harsh and asked the court for leniency and mercy.
The court asked counsel if it had any authority to depart from the plea agreement to enter a lesser sentence. Previously, in State v. Cure, we held that a trial court had the discretion not to enforce the sentencing portion of a "boot camp" agreement that had been previously agreed to by the parties and the court. In this case, the defense counsel argued that under section 775.084, Florida Statutes (1999) (the "GORT" statute), the court could deviate "if there was no agreement" and suggested the court do the same thing here despite the agreement. The state, on the other hand, argued that the court was required to impose the 40-year, with a 30-year minimum mandatory, violent career criminal sentence contemplated by the agreement.
Thereafter, the court decided that it would not enforce the terms of the substantial assistance agreement. Moreover, the trial court sua sponte held that the state had not met its burden of proving that Jordan qualified for enhanced sentencing, finding that it was not enough for Jordan to have agreed to be sentenced under the GORT statutethe state still had to prove that Jordan qualified as a GORT. The state, apparently taken by surprise, sought a one-hour continuance so that it could produce a fingerprint examiner to prove that Jordan indeed qualified for enhanced sentencing under the GORT statute. The trial court denied the continuance. Notwithstanding six prior state felony convictions, one federal felony conviction, and four state misdemeanor convictions, the trial court sentenced Jordan to the same ten-year sentence he would have received had he complied with the substantial assistance agreement. The state then instituted this appeal.
The state's right to appeal in a criminal case, however, is not a matter of right and is available only as provided by statute. See State v. MacLeod, 600 So.2d 1096 (Fla.1992); Ramos v. State, 505 So.2d 418 (Fla.1987); Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947).
Our case law clearly establishes that section 924.07 is the only basis upon which the state may appeal as a matter of right and that appeals may be taken only in the express categories contained in section 924.07.
MacLeod, 600 So.2d at 1098. Section 924.07, in turn, authorizes the state to appeal two types of sentences: 1) a sentence that is illegal, and 2) a sentence imposed "below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921." See *1182 § 924.07(e) & (i), Fla.Stat. (1999). In this case, Jordan's sentence was neither illegal nor a "departure sentence." Thus, the state recognizing that it has no statutory right to a direct appeal, sought review before this court by way of common-law certiorari.
Jordan argues that the state's petition must be dismissed. He claims that a writ of certiorari is categorically unavailable to review a final order where no right of appeal has been provided by statute. In turn, the state relying on State v. Swett, 772 So.2d 48 (Fla. 5th DCA 2000), and State v. Baca, 707 So.2d 766 (Fla. 2d DCA 1998), claims that it must be able to seek appellate review to insure its ability to enforce plea and/or substantial assistance agreements.
In Swett, the state reduced an original charge of first degree murder to second degree murder in exchange for the defendant's guilty plea. The defendant was sentenced to 38.5 years incarceration followed by 15 consecutive years of probation. Thereafter, Swett timely filed a motion to modify sentence seeking to mitigate his incarcerative period. The trial court granted the motion and reduced the sentence to 21 years. 772 So.2d at 49. The state appealed the trial court's order granting a defendant's motion to modify a sentence which had been imposed as part of a plea bargain. Although the fifth district recognized that the state had no express authority to appeal from an order mitigating a sentence, it found that review in that instance must be available or the state would be discouraged from entering into future plea agreements. Swett, 772 So.2d at 52. That case, however, is distinguishable from the case at bar because the reduced sentence, entered by the trial court, constituted a "departure sentence" which is clearly appealable under section 924.07(1)(i), Fla.Stat.
Similarly, in Baca, following the dismissal of his appeal of sentence, the defendant moved to reduce sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court denied the motion and the defendant moved for reconsideration. The court granted the motion for reconsideration, and reduced the defendant's sentence. The state appealed and the district court, treating the appeal as a petition for writ of certiorari, quashed the order finding that the trial court did not have the jurisdiction to reduce the defendant's sentence. Subject matter jurisdiction is clearly an issue that the state may raise by a petition for certiorari; see State v. Blue, 603 So.2d 648 (Fla. 5th DCA 1992); State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990); and thus Baca bears little relation to the matter before us.
We conclude that we lack jurisdiction to entertain this appeal by way of certiorari review. The case law of this state, and particularly this court, has unequivocally provided that the state cannot circumvent the absence of a statutory right of appeal from a final order through a petition for certiorari. See State v. Pettis, 520 So.2d 250 (Fla.1988). See also State v. F.G., 630 So.2d 581, 583 (Fla. 3d DCA 1993) (where a non-appealable final order is entered, "certiorari review is foreclosed by State v. Pettis."); Jones v. State, 477 So.2d 566 (Fla.1985) (stating that: "the district court erred ... in reviewing by certiorari a case it could not review by appeal."); State v. G.P., 429 So.2d 786, 789 (Fla. 3d DCA 1983) (where there is no statutory authorization and thus a jurisdictional limitation to the consideration of a state appeal from a final judgment, "certiorari may not be used to circumvent that limitation."); State v. C.C., 449 So.2d 280, 281 n. 4 (Fla. 3d DCA 1983) (Schwartz, C.J. specially concurring) ("I think it obvious that the court *1183 cannot save an appeal from a final judgment which it has no jurisdictional authority to consider by treating it as a petition for certiorari."). Thus, because the order at issue in this case was a final sentencing order from which the state has no right of direct appeal, certiorari cannot be used to supply that right, and the state's petition must be dismissed.
We recognize that our lack of jurisdiction over this matter gives both the criminal defendant and trial court the unfettered discretion to completely disregard the terms and conditions of plea and/or substantial assistance agreements. We find this especially troubling given the fact that such agreements are a matter of contract law, State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997) (rules of contract law are applicable to plea agreements); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989) (contract principles are to be applied to plea agreements); see also Offord v. State, 544 So.2d 308 (Fla. 4th DCA 1989) (contract principles applied to substantial assistance agreements), but the legislature has left us no choice. We strongly urge the Florida legislature to study this issue and consider an appropriate amendment to section 924.07 in light of the factual scenario presented in this case.
Petition dismissed.
JORGENSON, COPE, LEVY, GERSTEN, GODERICH, and RAMIREZ, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I entirely concur with Judge Green's opinion that we have no jurisdiction over this proceeding and that it must therefore be dismissed. While it is difficult to separate the intertwined issues of jurisdiction and the merits in this area,[1] I might also agree that this means that our ruling in State v. Cure, 760 So.2d 243 (Fla. 3d DCA 2000), which was undertaken on the arguendo-but-now-shown-to-be-erroneous assumption that there was jurisdiction, is technically dictum. I emphatically do not agree, however, with what is now Judge Green's dictum that we should disapprove Cure's statement of the law that "the state may [not] interfere with or challenge an exercise of the trial court's sentencing discretion not to enforce [a sentencing agreement]." Cure, 760 So.2d at 243. The principle that a trial judge cannot be bound by any undertaking, even one to which she is a party, which impinges upon her discretion to impose any permissible sentence is entirely consistent with, and indeed required by the law of Florida. Goins v. State, 672 So.2d 30, 31 (Fla.1996) ("Even though the plea has been accepted and regardless of whether the judge participated in the negotiations, the judge is never bound to honor the agreement. Davis v. State, 308 So.2d 27 (Fla.1975); Brown v. State, 245 So.2d 41 (Fla.1971)."); Ivey v. Eastmoore, 402 So.2d 1248 (Fla. 5th DCA 1981), pet. for review dismissed, 408 So.2d 1093 (Fla.1981); Reed v. State, 539 So.2d 580 (Fla. 5th DCA 1989); see State v. Warner, 762 So.2d 507 (Fla.2000). *1184 As the court said in Tilghman v. Culver, 99 So.2d 282, 286 (Fla.1957), cert. denied, 356 U.S. 953, 78 S.Ct. 918, 2 L.Ed.2d 845 (1958):
[T]he trial judge admits that he bargained with the petitioner and reached an agreement whereby the petitioner was to plead guilty to the breaking and entering charge in exchange for a particular sentence by the judge.... Courts cannot bind themselves to agreements such as that shown by this record. To countenance such would require too high a price for administrative efficiency. The judge is an instrument of the law charged with meting out just punishment to convicted men. Just punishment is that which fits the circumstances of the crime and the particular criminal; therefore, expediency has no place in formulating the judge's act.
While it is true that contract rules ordinarily apply to plea agreements, see Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989), in this contextin which a prime element of the judicial process is at stakethis rule can mean only that, if the court decides to enforce the agreement, the defendant cannot complain, but if it decides not to do so, the state cannot complain. Cure, 760 So.2d at 243. I see nothing inherently evil or even, as Judges Green and Sorondo seem to think, contrary to sound public policy about this result. If the legislature believes otherwise, of course, with or without our unsolicited advice, it is free to work its will to that effect. Under our system as it stands, however, sentences within statutory limitations are not subject to review for undue leniency or harshness by appellate judges like us, but rather, only by the verdicts of the voters upon the trial judges who impose them. That's the way it is, and, if anyone wants my opinion, I think that's the way it should be.
SHEVIN, J., concurs.
SORONDO, J. (specially concurring)
I fully agree with Judge Green's majority opinion and join her and my colleagues in asking the Florida Legislature to address the jurisdictional issue presented by this case as quickly as possible. Because I do not know whether time will allow the Legislature to act during the current session, I write separately to address the exercise of judicial discretion in sentencing in the type of plea agreement entered in this case.
The cooperation agreement in this case is not uncommon. A criminal defendant facing the prospect of spending the rest of his life, or a significant part thereof, in prison, enters into an agreement with the state whereby he agrees to cooperate in the investigation, arrest and prosecution of other criminals. In return for his cooperation, he is promised some degree of leniency in sentencing. Because the business of "snitching" is both repugnant and dangerous, the state usually seeks to deter a defendant's change of heart by requiring the imposition of the most severe sentence it could have secured after trial if the defendant fails to perform his part of the bargain.
Although I am devoted to the principle of judicial discretion in the sentencing process, and the concept that a trial judge never surrenders his or her sentencing discretion, see State v. Warner, 762 So.2d 507 (Fla.2000); Davis v. State, 308 So.2d 27 (Fla.1975), in the absence of extraordinary circumstances, the proper time for the exercise of that discretion in this type of case is at the time the agreement is *1185 submitted for the court's approval.[1] Simple fairness requires nothing less. I find support for this position in Warner.
In Warner, the Court addressed the judiciary's involvement in the process of plea bargaining. As pertinent to the present discussion the Court said:

A judge's preliminary evaluation of the case is not binding, since additional facts may emerge prior to sentencing which properly inform the judge's sentencing discretion. If the judge later determines that the sentence to be imposed must exceed the preliminary evaluation, then the defendant who has pleaded guilty or nolo contendere in reliance upon the judge's preliminary sentencing evaluation has an absolute right to withdraw the plea. However, a defendant who pleads guilty with knowledge of the sentence which is imposed agrees that the sentence is proportionate to both the offense and the offender.

762 So.2d at 514 (emphasis added). Although the Court was specifically addressing the trial court's direct involvement in the plea bargaining process over the state's objection, the language and reasoning of the opinion are equally applicable to the present situation. Thus, in the absence of "additional facts" suggesting that the sentence provided for in the present plea agreement was unfairly high, the defendant in this case had agreed that "the sentence was proportionate to both the offense and the offender," id., and all that was left to be done was to impose a sentence in conformity with the agreement. The record in this case does not reflect the revelation at time of sentencing of any new or unexpected facts that would have warranted a reconsideration of the fairness of the agreement the court found appropriate when it accepted the plea.
The trial judge in this case was not involved in the negotiations which lead up to the plea bargain. He was not required to accept the plea and could have refused to be bound by the onerous terms of the agreement. Had the court refused to accept the proposed resolution of the case, the state would have been forced to either renegotiate the agreement on terms acceptable to the judge, or to forget about cooperation and simply try the case and seek a conviction and the imposition of the maximum sentence provided by law.[2] Instead, the state, understandably indignant over the evisceration of its plea bargain, is left to argue before this Court that it was sandbagged by the trial judge who concluded that the state was not ready to proceed on a matter that was clearly uncontested and that the state had absolutely no reason to believe would be at issue.
FLETCHER, J., concurs.
NOTES
[1] To summarize, a lawful sentence is substantively unreversible and procedurally unreviewable because it is entirely discretionary and is entirely discretionary because it is substantively unreversible and procedurally unreviewable.

Another way of expressing this conceptual imbroglio is to ask what standard we would use to reverse the sentence if there were jurisdiction to review it. Because, very plainly, there is none, we would always be required to affirm, thus rendering the existence of theoretical jurisdiction a meaningless philosophical construct. See State v. Diers, 532 So.2d 1271 (Fla.1988); Hallman v. State, 371 So.2d 482 (Fla.1979); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980).
[1] I concede that there are exceptional circumstances that might require a judge to exercise discretion even after the acceptance of a plea agreement such as the one in this case. For example, if, after significant, honest efforts were made by the defendant to comply with the agreement, his role as a police informant had been discovered by the targets of the investigation and he were injured by them to an extent where he could render no further assistance, the presiding judge could reasonably conclude that the defendant had fulfilled his part of the bargain even in the face of a state objection.
[2] It is true that the trial judge could have imposed the same ten year sentence after trial. However, the state would have been allowed the opportunity to establish that the defendant met the criteria for sentencing as a violent career criminal. The judge would then have been forced to explain his failure to impose a sentence under the provisions of the statute. See § 775.084(3)(c)5., Fla.Stat. (1999).