# Supreme Court of Florida

_____

No. SC12-2232
_____

**DEBRA LAFAVE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 16, 2014]

QUINCE, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in State v. LaFave, 113 So. 3d 31 (Fla. 2d DCA 2012). In its decision, the district court ruled upon the following question and certified it to be of great public importance:

> IN THE ABSENCE OF A STATUTORY RIGHT TO APPEAL, MAY THE STATE SEEK CERTIORARI REVIEW OF AN ORDER TERMINATING PROBATION WHERE IT CAN SHOW THAT THE CIRCUIT COURT DEPARTED FROM THE ESSENTIAL REQUIREMENTS OF THE LAW BY VIOLATING THE PLEA AGREEMENT BETWEEN THE STATE AND THE DEFENDANT WHICH CALLED FOR NO EARLY TERMINATION?

Id. at 37. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

For the reasons stated below, we answer the certified question in the negative and quash the decision of the Second District Court of Appeal which reinstated LaFave's probation pursuant to the terms and conditions of her negotiated plea agreement and original sentence.  Because we determine that the Second District lacked jurisdiction to review the circuit court's order terminating LaFave's probation, we do not reach the merits of its decision.

**FACTS AND PROCEDURAL HISTORY**

As summarized by the district court below, the facts in this case are:

Debra LaFave, a school teacher, was charged in Hillsborough County with two counts of lewd or lascivious battery, see § 800.04(4)(a), Fla. Stat. (2003), for committing sexual battery on a fourteen-year-old middle school boy.  She was also charged in Marion County for committing additional incidents of sexual battery against the same child in that county.

Her two Hillsborough County charges, both second-degree felonies, were each punishable by up to fifteen years in prison.  See § 775.082(3)(c), Fla. Stat. (2003).  However, under the Criminal Punishment Code, her lowest permissible sentence was 15.1875 years in prison.  See §§ 921.0024(2), .00265(1), Fla. Stat. (2003).

Pursuant to a negotiated plea agreement with the State, LaFave pleaded guilty in 2005 to the Hillsborough County charges in exchange for a nonprison sentence of supervision, which was a downward departure from the prison requirements of the Criminal Punishment Code.  The circuit court accepted her plea, according to the agreement, and sentenced her to three years of community control to be followed by seven years of sex offender probation.  As an express condition of her plea agreement, LaFave agreed to serve her entire sentence and to not seek early termination of probation.  This agreement was ratified and confirmed by the circuit court by virtue of its acceptance of her negotiated plea.  Subsequent to her plea in

- 2 -

Hillsborough County, the State Attorney's Office in Marion County dropped the Marion County charges against her, deeming the matter resolved by the Hillsborough County disposition. [1]

Six years into her ten-year nonprison sentence, LaFave unabashedly sought early termination of her probation in 2011 in direct violation of her plea agreement. She asked the circuit court to terminate her sex offender probation four years early. On October 3, 2011, over objections from both the state attorney and the Department of Corrections [(DOC)], the circuit court granted her motion and terminated her probation as requested.

Id. at 33-34.

## LaFave's Motion

At the hearing on LaFave's Motion to Terminate Probation, LaFave argued that under section 948.05, Florida Statutes (2011), the trial court has inherent jurisdiction to hear the motion and to reward defendants based on their successful completion, or substantial completion, of such strict probationary and community control terms, regardless of what the parties may have agreed to. The State argued that the trial court did not have jurisdiction to hear the motion, in light of the "no early termination" provision. The State further argued that if the court in fact had jurisdiction, that the motion should be dismissed on the merits, as the DOC and the

---

1. At the hearing on LaFave's motion, the State informed the court that the Marion County State Attorney's Office agreed to be bound by the plea agreement in Hillsborough County. However, the judge assigned to the case in that county rejected the plea agreement. Therefore, the Marion County State Attorney's Office had to decide whether to quickly resolve the case, as requested by the victim's family, and proceed to trial, or drop the charges against LaFave, thereby forgoing the right to supervise any further proceeding in the case. The Marion County State Attorney's Office chose to drop the charges against LaFave.

victim strongly opposed LaFave's release from probation. The trial court granted LaFave's motion. The State filed a petition for common law writ of certiorari with the Second District Court of Appeal, which the Second District granted.

### The Second District's Discussion of Jurisdiction

The Second District acknowledged that the State had no right of appeal in this case, as section 924.07(1), Florida Statutes (2011), and its procedural counterpart, Florida Rule of Appellate Procedure 9.140(c), set forth the limited circumstances in which the State has a right to appeal and neither the statute nor the rule specifically provides the State with a right to appeal a circuit court's order granting early termination of probation. LaFave, 113 So. 3d at 34. The Second District observed that the trial court's order terminating LaFave's probation "is not a type of interlocutory or pretrial order that has been held to be reviewable by certiorari . . . . [b]ut . . . does not fall into the category of 'final orders of dismissal' that are not subject to certiorari review." Id. at 36-37.

The Second District decided that the trial court's order "is a rare, postsentencing order which . . . constitutes a violation of the plea agreement . . . [is] extremely prejudicial to the State, and the ability of the State to seek certiorari review of such an order, where there is no other avenue for relief, is crucial 'to the fair administration of criminal justice' and necessary 'to correct an erroneous and highly prejudicial ruling.' " Id. at 37 (citing State v. Pettis, 520 So. 2d 250, 253

- 4 -

(Fla. 1988)).  The district court concluded its discussion of jurisdiction by stating, "we rely on the rationale of Harris,[2] Pettis, and Wilson[3] and hold that in this rare instance, the State may seek certiorari review of the circuit court order terminating LaFave's probation[,]" and certified the question presented to this Court.  Id. at 37 (footnote omitted).

## ANALYSIS

### I.    Standard of Review

The district court certified a question of great public importance to this Court.  Because this is a question of law arising from undisputed facts, this Court reviews the district court's decision de novo.  Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010).

### II.    Jurisdiction

<u>Jurisdiction of Florida District Courts of Appeal</u>

The Florida Constitution provides district courts with the authority to hear appeals from trial court final orders and to review interlocutory orders of trial courts as provided by the procedural rules.  Art. V, § 4(b)(1), Fla. Const.  The constitution also allows district courts to issue writs of certiorari "necessary to the complete exercise of its jurisdiction." Art. V, § 4(b)(3), Fla. Const.

---

2.  State v. Harris, 136 So. 2d 633 (Fla. 1962).

3.  State v. Wilson, 483 So. 2d 23 (Fla. 2d DCA 1985).

Florida Rule of Appellate Procedure 9.030 (b)(1)-(3) more fully outlines the

appellate and certiorari jurisdiction of our district courts of appeal and provides:

(b)  Jurisdiction of District Courts of Appeal.

(1)  Appeal Jurisdiction.  District courts of appeal shall review, by appeal

(A)  final orders of trial courts, not directly reviewable by the supreme court or a circuit court, including county court final orders declaring  invalid a state statute or provision of the state constitution;

(B)  non-final orders of circuit courts as prescribed by rule 9.130;

(C)  administrative action if provided by general law.

(2)  Certiorari Jurisdiction.  The certiorari jurisdiction of district courts of appeal may be sought to review

(A)  non-final orders of lower tribunals other than as prescribed by rule 9.130;

(B)  final orders of circuit courts acting in their review capacity.

(3)  Original Jurisdiction.  District courts of appeal may issue writs of mandamus, prohibition, quo warranto, and common law certiorari, and all writs necessary to the complete exercise of the courts' jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge  thereof, or before any circuit judge within the territorial jurisdiction of the court.

Fla. R. App. P. 9.030 (b)(1)-(3) (footnotes omitted).  The jurisdictional dispute

before the Second District centered on the parties' disagreement over how to

reconcile subsections (b)(2)(A) and (b)(3) of Florida Rule of Appellate Procedure 9.030. LaFave argued that because subsection (b)(2)(A) explicitly limits the certiorari jurisdiction of district courts to review non-final orders entered by lower courts, the reference to the original jurisdiction of the district courts to issue writs of certiorari is also limited to cases involving non-final orders. The State, however, argued that such a reading would render the two subsections redundant and does not reflect the true meaning of the rules. Instead, the State argued that subsection (b)(3) provides a district court with original jurisdiction to issue a writ of certiorari, in accordance with its duty to review decisions of lower courts, with no requirement that the order be a non-final one.

The district court did not explicitly agree with either jurisdictional argument, but nonetheless found that it had jurisdiction to hear the case. We find that the jurisprudence of this Court does not support the district court's jurisdictional analysis and we, therefore, quash the decision of the district court.

<u>The State's Right to Petition for Common Law Certiorari</u>

In 1962, this Court granted jurisdiction in <u>State v. Harris</u>, 136 So. 2d 633 (Fla. 1962), where the State petitioned this Court for a writ of certiorari based on an alleged conflict of decisions, after the district court reversed the defendant's conviction. <u>Id.</u> at 634. This Court questioned "whether the [S]tate has the right to seek certiorari from a decision of a district court in which that court in a criminal

- 7 -

case rules adversely to the [S]tate and favorably to an accused," and ordered the parties to file supplemental briefs. Id. This Court determined that section 924.07 restricted the State from directly appealing to this Court following an adverse decision of a district court in a criminal proceeding, but that section 924.07 did not limit the State's right to seek certiorari review in this Court. Id. at 634-35.

In 1985, this Court decided three cases which implicated the State's right to petition a district court for certiorari review: State v. C.C., 476 So. 2d 144 (Fla. 1985); State v. G.P., 476 So. 2d 1272 (Fla. 1985); and Jones v. State, 477 So. 2d 566 (Fla. 1985). In C.C., the district court consolidated four appeals brought by the State, all involving juvenile defendants, but in various postures when the State sought appellate review. 476 So. 2d at 144. The district court dismissed all appeals by the State, reasoning that the State does not have a constitutional right to appeal, only statutory appellate rights. State v. C.C., 449 So. 2d 280, 280 (Fla. 3d DCA 1983). The district court further noted its determination that article V, section 4(b)(1) of the Florida Constitution "permits interlocutory review only in cases in which appeal may be taken as a matter of right." Id.

On review, this Court approved the decision of the district court, finding no constitutional right for the State to appeal adverse final orders of a circuit court, including in juvenile cases, and also determining that section 924.07, Florida Statutes (1981), which provided the State the right to appeal certain adverse

criminal dispositions, does not apply to juvenile proceedings.  C.C., 476 So. 2d at 145.

This Court's holding in State v. G.P., 476 So. 2d 1272 (Fla. 1985), was another decision based on an opinion from the Third District, where the State sought review of an adverse decision and had been denied relief by the district court.  The district court determined that because the State had no statutory right under section 39.14, Florida Statutes (1981), to appeal an order dismissing a delinquency petition based on a violation of the juvenile's constitutional right to speedy trial, "it also has no right to have a juvenile order reviewed by writ of certiorari."  G.P., 476 So. 2d at 1273 (citing State v. G.P., 429 So. 2d 786 (Fla. 3d DCA 1983)).  In a very brief opinion, this Court approved the district court's decision.  Id.  In an extensive dissenting opinion, in which Justices Alderman and Erlich joined, Chief Justice Boyd reiterated his concurring in part and dissenting in part opinion in C.C., in which he determined that section 924.07 provides the State with the right to appeal in juvenile delinquency cases; on this premise, he reserved judgment on the issue regarding the State's right to seek a writ of certiorari.  Id. at 1275 (Boyd, J., dissenting).

That same year, in Jones, this Court reviewed the decision of the Fourth District in State v. Jones, 433 So. 2d 564 (Fla. 4th DCA 1983).  In Jones, the trial court dismissed probation violation charges against Jones.  477 So. 2d at 566.  The

State appealed the trial court's decision to the Fourth District, despite the lack of a statutory right to appeal this type of decision.  Jones, 433 So. 2d at 564; see also § 1, ch. 90-239, Law of Florida (adding language which grants the State the right to appeal the dismissal of a violation of probation, set to become effective July 2, 1990).  The Fourth District treated the appeal as a petition for writ of certiorari and quashed the trial court's order.  433 So. 2d at 564.  Upon review of the Fourth District's decision, this Court stated the issue to be resolved as "whether an appellate court can afford review to the [S]tate by way of certiorari when the [S]tate has no statutory or other cognizable right to appeal the judgment sought to be reviewed."  Jones, 477 So. 2d at 566.  In a brief opinion, this Court determined that "[t]he district court erred in the instant case . . . in reviewing by certiorari a case it could not review by appeal."  Id.  This Court quashed the decision of the Fourth District and directed the dismissal of the petition for writ of certiorari.  Id.

Chief Justice Boyd, concurring specially, wrote an extensive opinion, in which he sought to clarify the majority's decision and "caution against a possible erroneous interpretation of the Court's decision: it could be read as holding that when there is no appeal available, certiorari is never available."  Id. at 567 (Boyd, C.J., concurring specially).  He further stated, "I simply do not believe that by its recent decision in [G.P.] . . . this Court intended to overturn many decades of well-established common-law doctrine on the subject of the writ of certiorari."  Id.

- 10 -

(citation omitted). Chief Justice Boyd acknowledged the accuracy of the majority's decision that a writ of certiorari cannot be used as a substitute for a lack of appellate rights, but cautioned that "it would be an erroneous misinterpretation of the Court's holding to conclude that when there is no entitlement to an appeal, certiorari is ipso facto not available as a remedy." Id.

### No Right to Seek Certiorari Review of Final Orders

Three years later, in Pettis, this Court decided that the statements made in C.C., G.P., and Jones "that no right of review by certiorari exists in criminal cases if no right of appeal exists are limited to orders of final dismissal. These cases shall not be construed to prohibit district courts of appeal from entertaining state petitions for certiorari from pretrial orders in criminal cases." 520 So. 2d at 253 (footnote omitted). In Pettis, this Court granted review to resolve a conflict between the Fourth District in State v. Pettis, 488 So. 2d 877 (Fla. 4th DCA 1986), and the Second District in State v. Wilson, 483 So. 2d 23 (Fla. 2d DCA 1985). Id. at 251. In Pettis the State filed a petition for writ of certiorari with the Fourth District, following the denial of its pretrial motion in limine. Id. The Fourth District granted certiorari and quashed the order denying the motion in limine. Id. Thereafter,

> Pettis filed a motion for rehearing, asserting that because the [S]tate could not appeal the order denying the motion in limine, it had no authority to seek review of the order by petition for common law

- 11 -

certiorari. As a consequence, the district court of appeal on rehearing withdrew its prior opinion and stated:

> The petition for writ of certiorari is denied upon authority of Jones v. State, 477 So. 2d 566 (Fla. 1985). See also R.L.B. v. State, 486 So. 2d 588 (Fla. 1986).[4]

Pettis, 520 So. 2d at 251 (quoting Pettis, 488 So. 2d at 877).

In Wilson, the State filed a petition for writ of certiorari, requesting that the Second District Court of Appeal review a nonappealable interlocutory order of the trial court, which denied the State's pre-trial motion in limine. 483 So. 2d at 24. While Wilson was pending before the Second District, this Court decided Jones, G.P., and C.C. In deciding Wilson, the Second District determined that these three decisions "appear to hold that the state may not seek certiorari review of any interlocutory or final order for which a statutory right to appeal has not been granted." Wilson, 483 So. 2d at 24. The district court distinguished its decision by stating,

---

4. In R.L.B., in a very brief opinion, this Court stated "Petitioner challenges the Fifth District's ruling by arguing (1) that the State has no right to appeal an adverse order in a juvenile proceeding, and (2) that an appellate court cannot afford review to the State by way of certiorari when the State has no statutory or other cognizable right to appeal. We have recently and unequivocally endorsed both contentions raised by petitioner. R.L.B., 486 So. 2d at 589 (citing D.A.E. v. State, 478 So. 2d 815 (Fla. 1985); [Jones; G.P.; and C.C.])." Chief Justice Boyd wrote separately and argued that "[t]he district court . . . was in error in holding that the State had a right to an appeal. But the court had authority to treat the appeal as a petition for certiorari on the ground of departure from the essential requirements of law." Id. at 591 (Boyd, C.J., concurring in part, dissenting in part) (citation omitted).

- 12 -

> We . . . read the decisions to mean that the state may not use the petition for writ of common law certiorari to obtain appellate review of an order that is only reviewable, if at all, by direct appeal. If there is no statutory right to appeal, then certiorari cannot be used to supply the right. On the other hand, we do not believe the above decisions preclude the state from seeking common law certiorari review, as opposed to statutory appellate review, of an interlocutory order (such as the denial of its motion in limine in this case) which departs from the essential requirements of law and for which the state would have no other avenue of review.

Id. at 24-25.

This analysis was approved by this Court in Pettis. See 520 So. 2d at 251-52. After granting review to resolve the conflict between Pettis and Wilson, this Court agreed with the reasoning of Wilson, in which the Second District concluded that "it had the authority to grant certiorari to review the denial of the State's pretrial motion in limine," Pettis, 520 So. 2d at 251, "which departs from the essential requirements of law and for which the state would have no other avenue of review." Id. at 252 (quoting Wilson, 483 So. 2d at 25). This Court clarified that its statements in C.C., G.P., and Jones "that no right of review by certiorari exists in criminal cases if no right of appeal exists are limited to orders of final dismissal." Id. at 253. This Court concluded by reiterating the requirement for "a departure from the essential requirements of law," when deciding whether to grant a petition for writ of certiorari, and determined that no such showing was made. Id. at 254.

The Third District in <u>State v. Jordan</u>, 783 So. 2d 1179, 1183 (Fla. 3d DCA 2001), addressed the jurisdictional issue presented in this case, and reached a decision contrary to the Second District.[5]  In <u>Jordan</u>, the district court dismissed a petition for writ of certiorari filed by the State, following the trial court's failure to sentence a criminal defendant pursuant to a substantial assistance agreement previously approved by the trial court.  <u>Id.</u> at 1181.  In expressly receding from its prior opinion in <u>State v. Cure</u>, 760 So. 2d 243 (Fla. 3d DCA 2000),[6] to the extent that it addressed the merits of the State's argument in <u>Jordan</u>, Judge Green, writing for the majority, acknowledged the inequity involved where a district court is prohibited from exercising jurisdiction to enforce a negotiated plea agreement:

> We recognize that our lack of jurisdiction over this matter gives both the criminal defendant and trial court the unfettered discretion to completely disregard the terms and conditions of plea and/or substantial assistance agreements.  We find this especially troubling

5. The Second District in <u>LaFave</u> acknowledged conflict with the Third District's decision in <u>Jordan</u>, but declined to certify conflict, citing distinguishable facts.  <u>See</u> <u>LaFave</u>, 113 So. 3d at 37 n.2.

6. In <u>Cure</u>, after the trial court refused to sentence the defendant pursuant to the terms of a "boot camp agreement," that the defendant violated, the State appealed to the Third District.  The Third District bypassed the jurisdiction issue and decided the case on its merits: "On this appeal—the maintainability of which is in some doubt but will be assumed arguendo—the state contends that the agreement must be enforced as written.  There is no merit whatever to this claim.  Although the defendant could not complain if he had been sentenced as agreed . . . this does not mean that the state may interfere with or challenge an exercise of the trial court's sentencing discretion <u>not</u> to enforce it."  760 So. 2d at 243-44 (citations omitted).

- 14 -

given the fact that such agreements are a matter of contract law, State v. Frazier, 697 So. 2d 944 (Fla. 3d DCA 1997) (rules of contract law are applicable to plea agreements); Madrigal v. State, 545 So. 2d 392 (Fla. 3d DCA 1989) (contract principles are to be applied to plea agreements); see also Offord v. State, 544 So. 2d 308 (Fla. 4th DCA 1989) (contract principles applied to substantial assistance agreements), but the legislature has left us no choice. We strongly urge the Florida legislature to study this issue and consider an appropriate amendment to section 924.07 in light of the factual scenario presented in this case.[7]

Jordan, 783 So. 2d at 1183.

Chief Judge Schwartz, joined by Judge Shevin, wrote a specially concurring opinion, where he "entirely concur[red] with Judge Green's opinion that [the district court had] no jurisdiction over this proceeding and that it must therefore be dismissed." Id. at 1183 (Schwartz, J., specially concurring). He, however, opined that a trial judge has the discretion not to enforce a sentencing agreement.

The Trial Court's Order

Florida law supports the conclusion that the State may only use a writ of certiorari to review a non-final order, or to review a final order of a circuit court acting in its review capacity. The Second District distinguished the order in this

---

7. But see Hashem v. State, 61 So. 3d 1290 (Fla. 3d DCA 2011), in which the Third District reversed the denial of the appellant-defendant's 3.850 motion and petition for habeas corpus, where he argued that the DOC's allocation of credit for time served awarded by the trial court effectually violated the sentence that was imposed under his plea agreement. Id. at 1290. The district court remanded the case with instructions for the trial court to "either resentence [the defendant] in a manner that effectuates the plea agreement . . . or allow him to withdraw his plea." Id. (citing Dellofano v. State, 946 So. 2d 127, 129 (Fla. 5th DCA 2007)).

case from a "final" order and classified it as a "rare, postsentencing order." LaFave, 113 So. 3d at 37. This distinction is not persuasive. "A final judgment or order is one that disposes of the cause on its merits leaving no question open for further judicial action except for the matter of enforcement." Philip J. Padovano, Florida Appellate Practice § 4:3 (2013 ed.) (internal quotation marks omitted). The general test of finality is "whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." Id.; S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974). The order granting LaFave's motion to terminate her probation meets this definition.

Although we recognize the perceived inequality that the Second District sought to remedy, the district court lacked jurisdiction to grant the State's petition for writ of certiorari where the trial court's order is a final order and where the State had no statutory right to appeal the order. We find that although the district court's order terminating LaFave's probation may be classified as a "rare, postsentencing order," it is a final order nonetheless.

**CONCLUSION**

We answer the certified question in the negative and find that the State did not have the right to petition the district court for certiorari review in this case.

Our jurisprudence dictates that a final order, such as the one presented here, is not reviewable by common law certiorari where there is no statutory right to appeal. We quash the decision of the Second District, as it lacked jurisdiction to review the circuit court's order terminating LaFave's probation.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

I would approve the result reached by the Second District Court of Appeal on the ground that the trial court's order terminating probation—an order that violates the law—was subject to review and correction under section 924.07(1)(e), Florida Statutes (2011). I therefore dissent from the majority's decision, which unjustifiably precludes review and correction of the trial court's erroneous order.

Here—as the Second District cogently explains—the trial court, without any colorable legal justification, abrogated a valid and binding plea agreement provision that precluded the defendant from seeking early termination of her probation. The trial court's order granting early termination of the term of the defendant's probation unlawfully deprives the State of a benefit for which it specifically bargained. But Ms. LaFave retains the benefit she derived from the

- 17 -

plea bargain—avoidance of exposure to a lengthy prison sentence after trial. Nothing in the law granted the trial court the discretion to set aside a provision of Ms. LaFave's valid plea agreement over the objection of the State. The trial court's decision to permit Ms. LaFave prematurely to walk away from the probationary supervision to which she had agreed and to which she had been sentenced is inconsistent with the requirements of the law. The order illegally curtailed the sanction imposed under the plea agreement. The order should be treated as a "sentence" that is appealable by the State under section 924.07(1)(e) "on the ground that it is illegal."

The unduly restrictive interpretation contained in our caselaw of the State's right of appeal under section 924.07(1)(e) flows from a category mistake by which the definition of "illegal sentence" under Florida Rule of Criminal Procedure 3.800 is imported into the wholly dissimilar context of section 924.07, and the plain meaning of the statute is thereby cast aside. See State v. McMahon, 94 So. 3d 468, 479 (Fla. 2012) (Canady, C.J., dissenting). The Court has never provided a plausible explanation for the transposition to the section 924.07 context of the illegal sentence definition developed under rule 3.800.

For the reasons expressed in my dissent in McMahon, I would recede from McMahon. Accordingly, I would restate the certified question as follows:

> MAY THE STATE OBTAIN REVIEW OF AN ORDER
> TERMINATING PROBATION THAT VIOLATES THE

- 18 -

PROVISIONS OF A VALID PLEA AGREEMENT EXPRESSLY PROVIDING THAT EARLY TERMINATION OF PROBATION MAY NOT BE SOUGHT BY THE PROBATIONER?

This question should be answered in the affirmative, and the result reached by the Second District should be approved. Failing to uphold the Second District's correction of the trial court's error in this case works a miscarriage of justice.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

  Second District - Case No. 2D11-5209

  (Hillsborough County)

Howard L. Dimmig, II, Public Defender, and Julius Joseph Aulisio, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

  for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Robert Jay Krauss, Bureau Chief, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, Florida,

  for Respondent