# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1997
Lower Tribunal Nos. 13-29795, 13-29046
_____

**Ronald Reid,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Ronald Reid, in proper person.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

LAGOA, J.

Defendant, Ronald Reid ("Reid"), appeals from the trial court's order denying his motion for reduction or modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Because the appeal is taken from a non-appealable order, we dismiss.

On February 2, 2016, Reid entered into a negotiated global plea with the State and was sentenced to 96.22 months as a habitual felony offender. On March 14, 2016, Reid filed a Rule 3.800(c) motion for reduction or modification of sentence. On June 9, 2016, the trial court denied the motion and found:

> [T]his Court does not have the legal authority to modify or reduce a sentence entered pursuant to a plea agreement between the State of Florida and the Defendant. State v. Gutierrez, 10 So. 3d 158 (Fla. 3d DCA 2009). The Defendant's sentence, imposed by this Court on February 2, 2016, was pursuant to an agreement entered by the Defendant with the State of Florida. Defendant cannot circumvent the plea bargain by filing a motion to mitigate.

This timely appeal followed.

It is well-established that "[a]n order denying, on the merits, a motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c) . . . is not an appealable order." Clewis v. State, 715 So. 2d 1129, 1129 (Fla. 3d DCA 1998); see also, McKinzy v. State, 949 So. 2d 1153 (Fla. 3d DCA 2007); Royal v. State, 736 So. 2d 157 (Fla. 3d DCA 1999); Lusskin v. State, 717 So. 2d 1076 (Fla. 4th

DCA 1998); <u>Bourjolly v. State</u>, 623 So. 2d 870 (Fla. 3d DCA 1993).[1]

Accordingly, because the order at issue is not appealable, we dismiss the appeal.

Appeal dismissed.

---

[1] In contrast, an order granting a Rule 3.800(c) motion that reduces a sentence imposed pursuant to a negotiated plea constitutes an appealable order. As this Court concluded in <u>State v. Jordan</u>, 783 So. 2d 1179, 1181 (Fla. 3d DCA 2001), the State, pursuant to section 924.07, Florida Statutes, is authorized "to appeal two types of sentences: 1) a sentence that is illegal, and 2) a sentence imposed 'below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921.'" A reduced sentence granted by a trial court which constitutes a downward departure sentence is appealable by the State under section 924.07(1)(a), Florida Statutes. <u>See</u> <u>State v. Swett</u>, 772 So. 2d 48 (Fla. 5th DCA 2000); <u>cf.</u> <u>Jordan</u>, 783 So. 2d at 1182.