553 So.2d 176 (1989)
STATE of Florida, Appellant,
v.
Lydon ALLEN, Appellee.
No. 88-3064.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
On Rehearing November 22, 1989.
Rehearing and Rehearing Denied January 10, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied January 10, 1990.
BY ORDER OF THE COURT:
ORDERED that Appellee's February 21, 1989 motion to dismiss is granted and the above-styled appeal is dismissed.

ON REHEARING
DOWNEY, Judge.
Appellee, Lydon Allen, pled guilty to one count of purchasing cocaine within a thousand feet of a school and one count of possession of cocaine. The recommended guideline sentence was three and one-half to four and one-half years' incarceration. The trial judge sentenced Allen to three and one-half years in conformity with the recommended guideline range. Immediately upon the completion of the imposition of sentence, the trial judge invited defense counsel to move to mitigate the sentence. Thereupon, the trial judge granted the motion and immediately mitigated the sentence to two and one-half years' incarceration. The state objected to the downward departure sentence as being improper; however, the trial judge stated, "I didn't go under, I sentenced him on the guidelines. I mitigated it. Let's see what the 4th District Court says about it." The sentence was subsequently reduced to writing and the state filed this appeal.
After the state had filed a brief, in which the sole argument was that the court had erred in departing from the guidelines without stating written reasons therefor, Allen moved to dismiss the appeal as being untimely. Resort to the record reflects that the sentence was rendered October 27th, 1988, and the notice of appeal was filed November 14, 1988, eighteen days later. The state conceded the notice of appeal was untimely and we dismissed the appeal.
*177 The matter is now before us upon petition for rehearing in which the state advises that, in reality, the notice of appeal was not untimely because Friday, November 11th, 1988, was a legal holiday and with Saturday and Sunday intervening, the notice of appeal filed on Monday, November 14th, was timely. Allen now concedes the timeliness of the notice, but contends that his earlier motion to dismiss was also based upon the ground that the order granting mitigation and sentence was not appealable.
We granted appellant's petition for rehearing May 31, 1989, and directed that a petition for certiorari be filed. Having considered the filings of the parties on rehearing, we now conclude that the order under review is appealable pursuant to section 924.07(1)(e), Florida Statutes (1987).
Adverting to the merits of the order being reviewed, we believe it would constitute a bad precedent to approve the procedural device used to reach what the trial judge no doubt considered to be the appropriate sentence in this case. To place the imprimatur of this court on the use of Rule of Criminal Procedure 3.800(b) to effect a lesser sentence than that authorized by the sentencing guidelines promulgated pursuant to Florida Rule of Criminal Procedure 3.701 would have a deleterious effect upon the present strictures inherent in the guidelines by allowing an "end run" around the recommended sentence through the exercise of the discretion allowed in 3.800(b). Aside from policy reasons, we acknowledge the committee note under Rule 3.800, which provides that the authorization in 3.800(b) allows the trial court to modify the sentence in question so as to impose any sentence which could have been imposed initially. Obviously, the sentence of two and one-half years' incarceration could not have been imposed initially because below the guidelines minimum.
There remains the question of whether the trial court could entertain a motion to mitigate sentence by imposing a lesser sentence below the guideline minimum if he stated valid clear and convincing reasons in writing for doing so. We believe that a trial judge could do so under the present rules.
Accordingly, the order under review is reversed and the cause is remanded to the trial court with directions to reinstate the original sentence unless he again chooses to mitigate the sentence by imposing a mitigated sentence within the guidelines, or, if he chooses to impose a mitigated sentence below the guidelines, to set forth in writing clear and convincing reasons therefor in accordance with the requirements of Florida Rule of Criminal Procedure 3.701.
DELL and STONE, JJ., concur.