890 So.2d 503 (2005)
STATE of Florida, Appellant,
v.
Jennifer Joy BROOKS, Appellee.
No. 2D03-5309.
District Court of Appeal of Florida, Second District.
January 5, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellant.
*504 Thomas H. Ostrander, Bradenton, for Appellee.
SILBERMAN, Judge.
The State appeals an order that grants Jennifer Brooks' motion to reduce or modify her sentences and that substantially reduces the sentences imposed pursuant to a negotiated plea with the State. We reverse.
The State charged Brooks in case number 01-882CF with lewd or lascivious battery and in case number 01-889CF with unlawful sexual activity with a minor, both second-degree felonies. See §§ 794.05, 800.04(4), Fla. Stat. (2000). The charges involved two victims. Eventually, Brooks and the State negotiated a plea. Although Brooks' Criminal Punishment Code scoresheet reflects that her lowest permissible prison sentence is 79.5 months, or 6.625 years, and that her maximum sentence is 30 years, the State agreed to concurrent downward departure sentences of 3 years in prison followed by 7 years of sex offender probation. The State also agreed to reduce the charge of lewd or lascivious battery to lewd or lascivious conduct. At the plea hearing, defense counsel explained that the State reduced the battery charge at Brooks' request. Because the lewd or lascivious conduct charge is a level 6 offense while the battery charge is a level 8 offense, the reduced charge scores fewer points on Brooks' scoresheet. See §§ 800.04(4), (6); 921.0022(3), Fla. Stat. (2000).
In accordance with the negotiated plea agreement, Judge Winesett, the original sentencing judge, imposed concurrent, downward departure sentences of 36 months in prison followed by 7 years of sex offender probation. The court noted on the scoresheet that the reasons for departure were a "legitimate uncoerced plea bargain"; "the victim's desire"; and the fact that "[t]he victim was an initiator, willing participant, aggressor, or provoker of the incident."
Brooks later filed a timely motion to reduce or modify her sentences pursuant to Florida Rule of Criminal Procedure 3.800(c). In response, the State asserted that Brooks was not entitled to mitigation of her sentences because the trial court imposed the sentences pursuant to a negotiated plea agreement. After a hearing, Judge Anderson granted Brooks' motion, ordering that the balance of Brooks'"remaining term of incarceration shall be converted to sex offender probation followed by an additional seven (7) years of sex offender probation" and that the balance of her "incarcerative sentence is hereby converted to a suspended sentence."
Brooks first challenges our jurisdiction to entertain the State's appeal from the order mitigating her sentences, relying upon State v. Jordan, 783 So.2d 1179 (Fla. 3d DCA 2001). There, the trial court did not sentence Jordan in accordance with a plea agreement between Jordan and the State. The State filed a petition for certiorari, challenging the sentence, and Jordan argued that the appellate court did not have jurisdiction. The Third District noted that the State is authorized by statute "to appeal two types of sentences: 1) a sentence that is illegal, and 2) a sentence imposed `below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921.'" Id. at 1181 (quoting § 924.07(1)(e), (i), Fla. Stat. (1999)). Because Jordan's sentence was neither illegal nor a departure sentence, the court concluded that the State could not obtain review of the sentence either by direct appeal or by certiorari. Id. at 1182.
Here, the mitigated sentences of probation constituted a downward departure from the minimum permissible sentence of *505 6.625 years in prison. Thus, pursuant to section 924.07(1)(i), Florida Statutes (2003), the State is authorized to appeal the sentences because they are "below the lowest permissible sentence established by the Criminal Punishment Code." See State v. Swett, 772 So.2d 48, 51(Fla. 5th DCA 2000) (reviewing on direct appeal a mitigated sentence that was a downward departure); State v. Allen, 553 So.2d 176 (Fla. 4th DCA 1989) (determining that it had jurisdiction to consider the State's direct appeal of a mitigated sentence that was below the sentencing guidelines range).
On the merits, the State relies upon, and we agree with, the reasoning in Swett to support a reversal of the mitigated sentences. As in Swett, the State and Brooks entered into a negotiated plea. In Swett, the court stated that "the plea was part of a deal whereby the prosecutor reduced the murder charge to second degree murder in exchange for the plea. The sentence was part of a quid pro quo and the defendant cannot accept the benefit of the bargain without accepting its burden." Swett, 772 So.2d at 52. To allow a defendant to use a rule 3.800(c) motion to evade a negotiated plea "would discourage the state from entering into plea bargains in the future." Id. Thus, the court in Swett held that the trial court erred in mitigating the incarcerative portion of the sentence when it had been imposed pursuant to a negotiated plea, and it reversed the mitigation order. Id.
In this case, Brooks asserted that a change in circumstances regarding the victims' wishes justified the mitigation of her sentences. Her counsel argued that at the time of the plea agreement, the defense did not know that the victims were against Brooks being incarcerated. Counsel also argued "the good things Ms. Brooks has done while incarcerated these past eight months" and her progress in counseling. Brooks' father, Reverend Brooks, testified regarding his daughter's progress and his concern with her being in prison. He believed she would make better progress in counseling outside the prison setting.
We agree with the State's argument that Brooks' progress and conduct while in prison do not provide a basis for Brooks to evade the obligations of her negotiated plea. Additionally, although the defense represented that it was unaware at the time of the plea that the victims did not want to see Brooks incarcerated, the record does not support this contention. At the plea hearing, the State specifically advised the court and the defense that at least one of the victims did not wish to see Brooks incarcerated and, apparently, the other victim had expressed similar feelings. The trial court noted at both the plea and sentencing hearings that the victims' desires and wishes were taken into account as part of the negotiated plea. At the mitigation hearing, defense counsel referred to the victims' opposition to incarceration, but the defense did not present evidence regarding a change in the victims' views. In fact, the father of one of the victims expressed his opinion that Brooks should remain incarcerated and that she was a danger to his daughter.
As part of the negotiated plea, Brooks and the State agreed to a reduced charge and to specific downward departure sentences in exchange for Brooks' no contest plea. Based on the circumstances of this case and the reasoning in Swett, we conclude, like the court in Swett, that "the trial court erred in reducing the incarcerative portion of the sentence at the mitigation hearing where said sentence was imposed as part of a negotiated plea." Id. Therefore, we reverse the trial court's order mitigating Brooks' sentences and remand *506 for the trial court to reinstate the original sentences.
Reversed and remanded.
WHATLEY and SALCINES, JJ., concur.