935 So.2d 66 (2006)
STATE of Florida, Appellant,
v.
David Joseph SZEMPRUCH, Appellee.
No. 2D05-1594.
District Court of Appeal of Florida, Second District.
August 2, 2006.
Rehearing Denied August 2, 2006.
*67 Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
Michael Schneider, Naples; and John S. Mills of Mills & Carlin, P.A., Jacksonville, for Appellee.
BY ORDER OF THE COURT.
Upon consideration of Appellee's motion for rehearing, rehearing en banc, or certification, the motion is granted to the extent that the opinion dated January 27, 2006, is hereby withdrawn and the attached opinion is substituted therefor. In all other respects, the motion is denied.
DAVIS, Judge.
The State challenges the trial court order granting David Joseph Szempruch's Florida Rule of Criminal Procedure 3.800(c) motion to mitigate his sentences on two counts of grand theft and one count of forgery to which he entered negotiated no contest pleas. Because the State failed to preserve the issues it now raises on appeal, we affirm.
After accepting Szempruch's pleas and conducting a thorough plea colloquy, the trial court sentenced him pursuant to the plea agreement to three concurrent terms of forty-two months' prison and imposed restitution in the amount of $55,000 to be paid within five years of his release from prison. Subsequently, Szempruch moved to mitigate his sentence. Following a hearing, the postconviction court granted the motion and resentenced Szempruch to three consecutive one-year terms of community control, followed by probation.
On appeal, the State argues (1) that the postconviction court erred in modifying the sentence because the original sentence was imposed pursuant to a negotiated plea and (2) that Szempruch failed to present sufficient evidence below to support a downward departure sentence. Had the State preserved below either of the arguments it now raises on appeal, we would have been forced to reverse.
As to the State's first argument, in State v. Brooks, 890 So.2d 503 (Fla. 2d DCA 2005), this court reversed in a similar situation. In that case, in exchange for Brooks' plea, the State agreed to a downward departure sentence and a reduction of the charge. Subsequently, upon Brooks' rule 3.800(c) motion to mitigate, the postconviction court modified the sentence, converting the remainder of the incarcerative portion of the sentence to probation.
In reversing the modified sentence in Brooks, this court quoted the Fifth District's opinion in State v. Swett, 772 So.2d 48, 52 (Fla. 5th DCA 2000), as follows:
"The sentence was part of a quid pro quo and the defendant cannot accept the benefit of the bargain without accepting its burden." To allow a defendant to use a rule 3.800(c) motion to evade a negotiated plea "would discourage the state from entering into plea bargains in the future."
Brooks, 890 So.2d at 505. Additionally, this court noted that "[a]s part of the negotiated plea, Brooks and the State agreed to a reduced charge and to specific downward departure sentences." Id. We note that in that case, the Assistant State Attorney preserved the issue for appeal by specifically arguing at the hearing on the motion to modify that the trial court could not reduce the sentence because it was imposed pursuant to a negotiated plea agreement. Id. at 504.
*68 Here, pursuant to his negotiated plea agreement, Szempruch received the lowest permissible sentence and the State nolle prossed two counts of organized fraud and two counts of forgery brought against Szempruch under a separate case number. As such, Szempruch definitely accepted the benefit of his bargain. Accordingly, based on this court's opinion in Brooks, it was error for the trial court to modify Szempruch's original sentence. We conclude, however, that the State did not preserve this error for appeal.
Additionally, the State argues on appeal that the evidence presented below did not support the trial court's decision to depart downward in modifying Szempruch's sentence. At the hearing on the motion, counsel for Szempruch suggested to the trial court that the need for restitution outweighed the need for incarceration. See § 921.0016(4)(e), Fla. Stat. (2005) (stating that where "[t]he need for payment of restitution to the victim outweighs the need for a prison sentence," a departure sentence is justified). Szempruch presented the testimony of a real estate agent who did not receive her commission from a real estate closing because Szempruch had misappropriated a portion of the funds held in his escrow account for the closing. The agent, who was not named as a victim in the information, testified that since Szempruch had lost his license to practice law, he would not be in a position to commit such an act again and that she would rather see him out working and paying restitution than sitting in prison. She did not testify, however, as to any particular need for the restitution that she might have. This was the only victim testimony presented by Szempruch to support his request for a downward departure. This testimony did not constitute competent, substantial evidence that the need for restitution of a victim of Szempruch's outweighed the need for a prison sentence. See Demoss v. State, 843 So.2d 309, 312 (Fla. 1st DCA 2003) ("The test is the victim's need, not the victim's desire or preference."); see also State v. White, 755 So.2d 830 (Fla. 5th DCA 2000); State v. Bleckinger, 746 So.2d 553 (Fla. 5th DCA 1999). However, again we must conclude that the State did not preserve this issue for appeal.
As Szempruch correctly points out on appeal, the State failed to object below to the modification to a downward departure sentence on any specific grounds. At first blush, this may not have been fatal to the preservation issue because the State did make it clear to the trial court that it opposed modifying Szempruch's sentence to a below guidelines sentence and that it would be appealing. See State v. Barnes, 753 So.2d 605, 607 (Fla. 2d DCA 2000) (finding issue preserved where "State asserted its objection to departing downward from the guidelines sentence" before the trial judge imposed sentence). However, at the conclusion of the hearing, the trial court directly asked the prosecutor, "[O]ther than the fact that's not what you want, is there any legal reason why I can't do that?" The prosecutor responded, "Well, I suppose there's no legal reason, but we appeal that." By this concluding remark, counsel waived any legal issues as to the mitigation of the negotiated plea and the sufficiency of the evidence in support of the downward departure. Due to the State's failure to preserve either of these issues, we must affirm Szempruch's sentence, even though the trial court may have erred in imposing it. See Fla. R.App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention *69 of the lower tribunal . . . .").[1]
Affirmed.
STRINGER and WALLACE, JJ., Concur.
NOTES
[1] We note that if the defense attorney had failed to preserve the issue of the trial court's failure to follow the plea agreement in imposing sentence, he would have had the opportunity to correct the error by filing a motion pursuant to rule 3.800(b). However, no such opportunity is afforded the State.