977 So.2d 604 (2007)
STATE of Florida, Appellant,
v.
Clara Denise PRUITT, Appellee.
No. 2D06-5538.
District Court of Appeal of Florida, Second District.
December 12, 2007.
Rehearing Denied April 2, 2008.
*605 Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
The State appeals the dismissal of a possession of methamphetamine charge which it had filed against Pruitt. The State argues that it established the existence of a prima facie case and that the element of Pruitt's knowledge of the existence of the methamphetamine is a factual question that may not properly be considered on a motion to dismiss. See State v. Paleveda, 745 So.2d 1026, 1028 (Fla. 2d DCA 1999). While we do not disagree with these arguments, we conclude that the State is not entitled to relief because it failed to preserve these arguments below.
After being charged by information, Pruitt filed a motion to dismiss, contending that the circumstantial evidence standard applied and that she had a reasonable hypothesis of innocence. In response, the State filed a traverse denying some allegations and adding additional facts about the alleged crime. At the motion hearing, defense counsel adopted the facts as set forth in the State's traverse but argued that there was still no material dispute and that the State failed to establish a prima facie case of constructive possession. The prosecutor's only statement in response to defense counsel's argument was her agreement that the case was based on a constructive possession theory. The prosecutor made no argument asserting the existence of a prima facie case or contending that the knowledge element could not properly be considered on a motion to dismiss. The State is therefore barred from arguing these points for the first time on appeal: See § 924.051(1)(b), (3), Fla. Stat. (2006); F.B. v. State, 852 So.2d 226, 229 (Fla. 2003); State v. Szempruch, 935 So.2d 66, 68 (Fla. 2d DCA 2006).
Affirmed.
NORTHCUTT, C.J., and SALCINES and CANADY, JJ., Concur.