EVANDER, J.
After executing a detailed written plea agreement with the State, Davis entered a guilty plea to six felony offenses. The trial court accepted Davis’ plea and, except as to one minor provision, imposed a sentence consistent with the plea agreement.
On appeal, Davis challenges the imposition of six probation conditions which he asserts are not reasonably related to the offenses. We find it unnecessary to determine whether the challenged conditions were reasonably related to Davis’ crimes because Davis specifically agreed to these conditions as part of his plea agreement. He cannot accept the benefits of his bargained-for plea agreement without also accepting its burdens. State v. Swett, 772 So.2d 48, 52 (Fla. 5th DCA 2000).
There does, however, appear to be one sentencing error that was raised both on appeal and in a motion to correct sentence.[1] The -written plea agreement called for Davis to comply with a mandatory daily curfew from 10:00 p.m. to 6:00 a.m. as part of his sex offender probation. See also § 948.E0(l)(a), Fla. Stat. (2008) (court must impose mandatory curfew from 10:00 p.m. to 6:00 a.m. as condition of probation or community control for certain sex offenses). However, without explanation (and perhaps inadvertently), the trial court pronounced a 9:00 p.m. to 7:00 a.m. curfew. On remand, the trial court is directed to correct this error. The defendant need not be present for such hearing.
AFFIRMED, in part; REVERSED, in part; REMANDED.
GRIFFIN and SAWAYA, JJ., concur.

. Davis’ motion to correct sentence was filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).